HOUSTON, Justice.
This is an appeal from a judgment of the Circuit Court of DeKalb County determining a boundary line between coterminous landowners. We affirm.
Talmadge and Ruby Hairston sued Gertrude Wigington to establish their ownership of a small tract of land and to recover damages for trespass allegedly committed by the defendant. The case was set for trial on July 27, 1986, at which time the parties advised the court that they had reached an agreement settling the case. The trial court entered a judgment incorporating the “agreement,” but later withdrew it upon being told by the defendant that the judgment did not accurately reflect what she had agreed upon. The defendant moved for a trial on the merits, and the plaintiffs moved to have the “settlement agreement” reconfirmed. The trial court reset the case for a hearing on May 28, 1987, and in its order stated:
“The Court will take testimony on the merits of the issues in this cause, and, in addition, will receive such testimony and evidence as may prove the terms of the settlement, it being the intention of this Court to resolve all issues in this cause by a single hearing.”
However, on May 28, 1987, a hearing was held in which the parties stipulated that the only issues to be resolved were whether an agreement settling the case had previously been reached and, if so, what the terms of that agreement were. Following the hearing, the trial court entered a judgment incorporating the judg *12 ment that it had earlier withdrawn. In so doing, the trial court found that its earlier judgment had correctly established the boundary line.
The defendant argues that there was never an agreement between the parties because there was never a “meeting of the minds” as to exactly where the boundary was to be set. She further argues that even if such an agreement had been reached, it could not be enforced by the plaintiffs because it was never reduced to writing or entered on the minutes of the court. Therefore, she insists that the judgment should be reversed because it incorporates this “agreement.” We disagree.
The parties in this case stipulated at the May 28, 1987, hearing that the only issues to be tried were whether an agreement settling the case had previously been reached and, if so, what the terms of that agreement were. The trial court found that the parties had previously settled the case and that that settlement was accurately reflected by the original judgment. Applying the ore tenus rule, we cannot say that the trial court’s decision in this regard is plainly and palpably wrong. Moore v. Williams, 519 So.2d 1337 (Ala.1988). Furthermore, it is well established that a party who fails to object to matters at the trial level may not raise those matters on appeal; objection must be made at trial and the grounds therefor stated, or the error is deemed to have been waived. See cases collected at 2 Ala. Digest, Appeal & Error § 181 (1955). Having stipulated at trial that the court was to make a determination as to whether a settlement agreement had been reached and, if so, the terms thereof, the defendant cannot argue for the first time on appeal that the agreement, as found by the trial court, is unenforceable.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.